## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| AARON ORR<br>9682 Redwood Circle<br>Plain City, OH 43064, | CASE NO.: 2:16-cv-735 |
| | JUDGE: |
|    Plaintiff, | MAGISTRATE JUDGE: |
| v. | |
| REIMER, ARNOVITZ, CHERNEK &<br>JEFFREY CO., L.P.A.<br>c/o Dennis Reimer<br>2450 Edison Boulevard<br>Twinsburg, Ohio 44087, | |
|    Defendant. | |

## COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF

### JURY DEMAND ENDORSED HEREON

The following allegations are based upon Plaintiff Aaron Orr's ("Mr. Orr") personal knowledge, the investigation of counsel, and information and belief. Mr. Orr, through counsel, alleges as follows:

### INTRODUCTION

1. Defendant Reimer, Arnovitz, Chernek, and Jeffreys Co., L.P.A. ("Defendant"), a debt collector and law firm, filed suit against Mr. Orr on a debt barred by the applicable statute of limitations.

2. Moreover, Defendant filed the state court lawsuit when it knew or should have known neither it nor its client had the means to prove it was entitled to enforce an alleged debt against Mr. Orr.

3. Thereafter, Defendant contacted Mr. Orr directly even though it knew or should have known Mr. Orr was represented by counsel by way of counsel's Notice of Appearance in a state court debt collection lawsuit regarding the subject debt.

4. Defendant made telephone calls to Mr. Orr's cellular phone using an automated telephone dialing system in a manner which violates the Telephone Consumer Protection Act.

5. Mr. Orr institutes this action based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.*; Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq.*; and Defendant's violations of Ohio's Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 *et seq.*

## JURISDICTION AND VENUE

6. Mr. Orr incorporates all other paragraphs of this Complaint by reference as though fully written here.

7. The Court has subject matter jurisdiction over Counts One and Three under 28 U.S.C. 1331 and 1337 and 15 U.S.C. 1692 *et seq.*, because Count One and Count Three allege violations of federal law.

8. The Court has supplemental jurisdiction over the state law claims in Count Two under 28 U.S.C. 1367 because those claims arise from the same case or controversy.

9. This Court has personal jurisdiction over Defendant because Defendant transacts business within this District and the alleged debt was incurred within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

10. Venue is proper in accordance with 28 U.S.C. 1391(b)(3), as Defendant is subject to personal jurisdiction in this District.

## PARTIES

11. Mr. Orr incorporates all other paragraphs of this Complaint by reference as though fully written here.

12. Plaintiff Aaron Orr is a natural person currently residing within this Court's jurisdiction at 9682 Redwood Circle Plain City, OH 43064.

13. Mr. Orr financed his collegiate education through multiple private loans with Bank One, N.A and/or JP Morgan Chase Bank, N.A.

14. Mr. Orr is and was allegedly obligated to pay an alleged private student loan debt ("the Alleged Debt").

15. The Alleged Debt was primarily incurred for personal, family, and household purposes.

16. The Alleged Debt is a **Debt** within the meaning of the FDCPA, 15 U.S.C. 1692a(5).

17. At all times relevant to this transaction, Mr. Orr is and was a **Consumer** within the meaning of 15 U.S.C. 1692a(3).

18. Defendant is a law firm with its principal place of business in Ohio.

19. Defendant regularly uses the mails and telephonic communications with the principal purpose of collecting a debt.

20. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

21. At all times relevant to this transaction, Defendant was and is a **Debt Collector** within the meaning of 15 U.S.C. 1692a(6).

22. At the time NCSLT allegedly took assignment from the original creditor of its loan with Mr. Orr, the transaction included a sale, lease, assignment, award by chance, or other transfer of

an item of goods, a service, a franchise, or an intangible, to Mr. Orr for purposes that are primarily personal, family, or household, or solicitation to supply any of these things.

23. The Alleged Debt whereby Mr. Orr is allegedly obligated to pay NCSLT in exchange for private student loan money on terms described in a contract is a **Consumer Transaction** within the meaning of R.C. 1345.01(A).

24. Defendant took action to collect on the Alleged Debt on behalf of NCSLT.

25. At all times relevant to this transaction, Mr. Orr was engaged in a consumer transaction with NCSLT and Defendant.

26. At all times relevant to this transaction, Defendant was effecting a consumer transaction between NCSLT and Defendant.

27. At all times relevant to this transaction, Mr. Orr was and is a **Consumer** within the meaning of R.C. 1345.01(D).

28. At all times relevant to this transaction, Defendant was and is engaged in the business of effecting or soliciting a consumer transaction.

29. Defendant's debt collection activities described herein were effecting the consumer transaction, that is the fulfillment of the Alleged Debt, by amongst other things demanding payment from Mr. Orr and filing suit against Mr. Orr.

30. At all times relevant to this transaction, Defendant was and is a **Supplier** within the meaning of R.C. 1345.01(C).

## FACTUAL ALLEGATIONS

31. Mr. Orr incorporates all other paragraphs in this Complaint by reference as though fully written here.

32. Each action or inaction alleged herein against any Defendant is also an allegation of action or inaction by that of Defendant's agents, predecessors, successors, employees, contractors, assignees, and servicers, as appropriate.

33. On July 30, 2015, Defendant filed suit in the Franklin County Common Pleas Court in Franklin County, Ohio on behalf of National Collegiate Student Loan Trust 2006-4 ("NCSLT") alleging that Mr. Orr owes NCT 2006-4 $24,487.34 ("the Debt Collection Lawsuit").

34. Filing a debt collection lawsuit is an attempt to collect a debt.

35. Defendant's filing of the debt collection lawsuits on behalf of NCT were also communications to Mr. Orr in regards to the collection of a debt or alleged debt pursuant to the FDCPA.

36. NCSLT is an entity organized under the laws of Delaware.

37. NCSLT is domiciled in Delaware.

38. As the purported holder of a private student loan between JP Morgan Chase Bank, N.A and Mr. Orr, NCSLT was entitled to collect payments under the private student loan from Mr. Orr per the terms of the underlying contract.

39. NCSLT's cause of action against Mr. Orr accrued in Delaware.

40. By Mr. Orr's alleged nonpayment, NCSLT suffered loss, if any, in Delaware.

41. Ohio's statute of limitation on a written contract is eight years from the date the cause of action accrued. R.C. 2305.04.

42. Delaware's statute of limitation on written contracts is three years from the date the cause of action accrued. 10 Del. C. 8106.

43. For causes of actions brought in Ohio which accrued in a state other than Ohio, Ohio law prohibits the filing of a suit after the subject state's statute of limitation has expired. R.C. 2305.03(B).

44. The alleged contract between JP Morgan Chase Bank, N.A. and Mr. Orr is not a promissory note.

45. The alleged contract between JP Morgan Chase Bank, N.A. and Mr. Orr is a consumer credit agreement.

46. Mr. Orr purportedly defaulted on the Alleged Debt on or about March 7, 2011.

47. The statute of limitation for filing lawsuits to recover the Alleged Debt expired on or about March 8, 2014.

48. The Complaint initiating the state court action against Mr. Orr was filed by the Defendant on July 30, 2015 and was time-barred by Ohio law.

49. On or about August 31, 2015, counsel for Mr. Orr filed a Notice of Appearance in the Debt Collection Lawsuit and served that notice on Defendant the same day by electronic mail. A true and accurate copy of the Notice of Appearance is attached as Exhibit A.

50. The Franklin County Court of Common Pleas employs an electronic court filing system ("ECF") to manage court filings.

51. Defendant also received notice of Mr. Orr's counsel's Notice of Appearance by way of the Franklin County Court of Common Pleas' ECF system.

52. Defendant knew or should have known Mr. Orr was represented by counsel in regards to the Alleged Debt.

53. The Court dismissed NCSLT's and Defendant's Debt Collection Lawsuit against Mr. Orr on September 29, 2015.

54. After the Court dismissed NCSLT's lawsuit,  Defendant attempted to collect the debt by making telephonic debt collection communications to  Mr. Orr's cellular phone in excess of ten times from Defendant's phone number of 440-600-5555.

55. Defendant filed the debt collection lawsuit without the means to prove the debt is owed to NCSLT.

56. Defendant filed the Debt Collection Lawsuit without performing an adequate investigation into NCSLT's alleged claim against Mr. Orr.

57. Defendant knew or should have known when it filed the debt collection lawsuits that it could not prove that Mr. Orr owed NCSLT money.

58. Defendant knew or should have known that the statute of limitations for filing suit on the Alleged Debt had expired.

59. Neither NCSLT nor Defendant has or had any proof that the Alleged Debt had been transferred from JP Morgan Chase Bank N.A. to NCSLT.

60. As a result of the debt collection lawsuits, Mr. Orr was forced to incur legal fees in defense of the claims in each of the debt collection lawsuits.

61. The legal fees and expenses Mr. Orr incurred as a result of Defendant's improper debt collection activities and violations of the FDCPA are actual damages to which Mr. Orr is entitled under the FDCPA.

62. Mr. Orr contested the Debt Collection Lawsuit by filing a Motion to Dismiss or in the alternative a Motion for a More Definite Statement.

63. As a result of Mr. Orr's Motion to dismiss, the Franklin County Common Pleas Court dismissed the Debt Collection Lawsuit.

## COUNT ONE – FDCPA VIOLATIONS

64. Mr. Orr incorporates all other paragraphs in this Complaint by reference as though fully written here.

65. For all the reasons stated herein, Defendant violated the FDCPA.

66. Defendant filed the state debt collection lawsuits without the means to prove NCSLT was entitled to collect upon the debt.

67. Defendant knew or should have known when it filed the debt collection lawsuits that it could never prove that Mr. Orr owed NCSLT money.

68. Defendant knew or should have known any claim NCSLT had was time-barred at the time it filed suit against Mr. Orr on behalf of NCSLT.

69. Defendant failed to perform an adequate investigation into the basis of the loan at the time it filed suit against Mr. Orr on behalf of NCSLT.

70. Defendant actions described in the Factual Allegations and Count One are deceptive, misleading, unfair, and unconscionable practices in connection with the collection of a debt. 15 U.S.C. 1692e, 15 U.S.C. 1692f.

71. Mr. Orr was damaged by Defendant's actions as described herein.

72. For all the reasons stated herein, Defendant is liable to Mr. Orr in an amount of at least Mr. Orr's actual damages for each of Defendant's violations of the FDCPA, 15 U.S.C. 1692k(a)(1); statutory damages of at least $1,000, 15 U.S.C. 1692k(a)(2)(A); and the costs of this action including Mr. Orr's attorney's fees, 15 U.S.C. 1692k(a)(3).

## COUNT TWO – TCPA VIOLATIONS

73. Mr. Orr incorporates all other paragraphs in this Complaint by reference as though fully written here.

74. Defendant violated the TCPA for all the reasons stated herein.

75. Defendant violated the TCPA at 47 U.S.C. 227(b)(1)(A)(iii) by willfully using an "automatic telephone dialing system" as that term is defined in 47 U.S.C. 227(a)(1) to place in excess of ten (10) telephone calls to Mr. Orr's cellular telephone without his permission.

76. Defendant violated the TCPA at 47 U.S.C. 227(b)(1)(A)(iii) by using an "automatic telephone dialing system" as that term is defined in 47 U.S.C. 227(a)(1) to place in excess of ten (10) telephone calls to Mr. Orr's cellular telephone without his permission.

77. Defendant has and had no preexisting business relationship as that term is defined by the TCPA at 47 U.S.C. 277(a)(2) and 47 C.F.R. 64.1200(f)(5) with Mr. Orr at the times it placed the ten (10) telephone calls to Mr. Orr's cellular telephone.

78. Mr. Orr never consented to Defendant's telephone calls to his cellular telephone number.

79. Defendant's debt collection telephone calls to Mr. Orr's cellular telephone number were willful.

80. Defendant knew or should have known it was calling Mr. Orr on his cellular telephone.

81. For all the reasons stated herein and as a result of Defendant's multiple violations of the TCPA, Defendant is liable to Mr. Orr for at least the greater of his actual damages or $500.00 per violation, and up to three times the total amount of damages for Defendant's willful conduct pursuant to 47 U.S.C. 227(b)(3).

82. For all the reasons stated herein, Defendant is liable to Mr. Orr for at least $15,000.00.

**COUNT THREE – CSPA VIOLATIONS**

83. Mr. Orr incorporates all other paragraphs in this Complaint by reference as though fully written here.

9

84. At all times relevant to this incident, Defendant was and is subject to Ohio's Consumer Sales Practices Act, R.C. 1345.01, *et seq.*

85. Violations of the FDCPA have been determined by a court of this state to violate the CSPA, and that decision and others were made available for public inspection under R.C. 1345.05(A)(3) prior to this consumer transaction.  *See e.g. Becker v. Montgomery Lynch*, PIF 10002153 (April 30, 2003).

86. Violations of the TCPA have been determined by a court of this state to violate the CSPA, and that decision and others were made available for public inspection under R.C. 1345.05(A)(3) prior to this consumer transaction.  *See e.g. Charvat v. NMP, LLC*, PIF 10002902 (October 15, 2012).

87. Defendant's actions described in Count One and Count Two and the Factual Allegations of this Complaint are unfair or deceptive acts or practices in violation of Ohio's CSPA, R.C. 1345.02.

88. Defendant's actions described in Count One and County Two and the Factual Allegations of this Complaint are unconscionable consumer sales acts or practices in violation of Ohio's CSPA, R.C.  1345.03.

89. Defendant had knowledge of the facts that constituted the violations of the CSPA.

90. Defendant's actions described in Count One and Count Two and the Factual Allegations of this Complaint were committed with **knowledge** within the meaning of R.C. 1345.01(E).

91. Mr. Orr was injured by Defendant's actions described herein.

92. Mr. Orr seeks a declaratory judgment finding Defendant's acts described herein to violate the CSPA pursuant to R.C. 1345.09(D).

93. Defendant is liable to Mr. Orr for at least treble his actual damages or $200.00 per violation, whichever is greater; $5,000.00 in non-economic damages; his attorney fees, and costs all pursuant to R.C. 1345.09.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Orr respectfully prays that this Court:

A. Assume jurisdiction of this case;

B. Grant Mr. Orr judgment on all of his claims;

C. Grant Mr. Orr the maximum damages he seeks under each Count, including the maximum statutory damages available under each claim where statutory damages are available, and the maximum economic and non-economic damages available, including actual, emotional, general, punitive, and other damages;

D. Declare Defendant's acts and practices described herein to violate the CSPA;

E. Award Mr. Orr the costs of this litigation, including filing fees and costs;

F. Award Mr. Orr his attorney's fees, with appropriate multiplier; and

G. Award such other relief as the Court deems appropriate.

Dated this 27th day of July 2016.

Respectfully Submitted,

**BUTTARS, RICHARDSON & SNYDER LLC**


/s/ Karl W. Snyder
Karl W. Snyder, Trial Counsel (0091219)
Austin R. Buttars (0091338)
Randy Richardson (0034456)
*Attorneys for Plaintiff Aaron Orr*
6059 Frantz Road, Suite 201
Dublin, Ohio 43017
Phone: (614) 379-3977
karl@abkslaw.com

austin@abkslaw.com
randy@abkslaw.com

**JURY TRIAL DEMANDED**

Mr. Orr respectfully requests a jury trial on all triable issues.


/s/ Karl W. Snyder
Karl W. Snyder, Trial Counsel (0091219)